JOHN CARROLL, SR., ET AL., APPELLANTS, V. MARTIN CUN-NINGHAM, APPELLEE.

FILED FEBRUARY 22, 1905.   No. 13,582.

Petition: DEMURRER. Petition for the dissolution of an alleged partnership and for an accounting and settlement of partnership affairs examined, and *held* to state a cause of action.

APPEAL from the district court for Custer county: CHARLES L. GUTTERSON, JUDGE. *Reversed.*

*J. R. Dean* and *George F. Corcoran,* for appellants.

*H. M. Sullivan, contra.*

AMES, C.

This is an appeal from the judgment of a district court sustaining a general demurrer to the petition and dismissing the suit for failure to state facts sufficient to constitute a cause of action. The petition, which is some eight pages in length and contains twenty-three numbered paragraphs, is unnecessarily prolix and contains some irrelevant and redundant matter, but these and similar defects, of which the appellee complains in his brief, are not fatal and are waived by the demurrer. The petition alleges with sufficient certainty that the plaintiffs and defendant have been engaged jointly, since sometime in 1887, in the business of farming in York and Custer counties in this state, under and in pursuance of an agreement between the parties that the gains and accumulations of the business should belong to the plaintiffs and the defendant jointly as partners, until dissolution by death or otherwise, when there should be an accounting, settlement and equitable division; that the partnership is terminable at the pleasure of either of the parties, and that the defendant has the possession and the apparent title of a large amount of real and personal property, accumulations of and belonging to the partnership, which he refuses to account for or make division of in compliance with the agreement and the request of the plaintiffs, but of which he claims to be the exclusive owner and which he threatens to sell and dispose of, and to squander or dissipate the proceeds or place them beyond the reach of the plaintiffs. There is a prayer for a dissolution and accounting and a division of the partnership estate, and that in the meantime the defendant be restrained from carrying his threats into execution. That these facts, if they exist, afford the plaintiffs a good cause of action, cannot well be doubted and they are not deprived of actionable quality by being set forth inartistically or with too little conciseness.

There is a second ground of demurrer that there is a

misjoinder of parties plaintiff, for the reason that it appears that, at the time that it is alleged that the partnership agreement was entered into, two of the plaintiffs, who are son and daughter of the other two, were minors and incapable of contracting. It does not appear, however, how long the minority in either case continued and it is alleged that continuously until the beginning of the action they have contributed both labor and a considerable sum of money to the partnership. Whether such contributions, all or part of them, were made during the minority or afterwards does not appear, and therefore whether they were entitled to a separate accounting in their own behalf, which would not necessarily follow from either fact, cannot be certainly made out from the pleading, but we do not think that this uncertainty is so fatal a defect as to render the petition demurrable. It is alleged that the agreement contemplated the united efforts and services of all the plaintiffs and that they have been rendered accordingly. This is clearly all that the defendant is vitally interested in. If he had desired a more definite statement he should have applied for it by motion. Perhaps a statement much more definite would be difficult to make. It was a family arrangement. The defendant is brother to the plaintiff Mary Carroll, senior, and all the parties have during all the time constituted a single household. Doubtless their exact relations and contractual obligations will have, to some extent, to be inferred or implied from their habits of life and the nature of their intercourse and manner of carrying on the business; and it would, we think, be extremely rash to hold from what appears on the face of the petition that there is a misjoinder of plaintiffs.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

REVERSED.